**Electronically Filed
Intermediate Court of Appeals
30380
30-MAY-2013
09:02 AM**

NO. 30380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BRENDA M. HOERNIG, nka Brenda E. Morris, Plaintiff-Appellee,
v.
BRYAN T. HOERNIG, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 05-1-0677)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Bryan T. Hoernig (Father) appeals from the "Order Re Short Trial" (Order) entered on February 9, 2010, in the Family Court of the First Circuit[1] (family court). The order denied Father's July 24, 2009 motion for post-decree relief (Post-Decree Motion) from the "Decree Granting Absolute Divorce and Awarding Child Custody" (Divorce Decree) that dissolved his marriage from Plaintiff-Appellee Brenda M. Hoernig, nka Brenda E. Morris (Mother). Father's Post-Decree Motion sought a reduction in his child support obligation and a decrease in his share of the educational expenses for the parties' children.

On appeal, Father contends the family court erred when it:

---

[1] The Honorable Linda S. Martell presided.

(1) found that Father failed to meet his burden to show a material change in circumstances to justify a reduction in his monthly child support obligation;

(2) concluded in Conclusion of Law (COL) 12 that Father failed to meet his burden to prove a material change in circumstances to warrant a reduction in his educational support obligation to his children;

(3) concluded in COL 10 that Father's lifestyle is the same or better than when his child support obligation was established;

(4) entered Findings of Fact (FOFs) 18, 49, 50, and 51, in which *inter alia* the family court found it difficult to determine Father's income; and

(5) entered FOF 20, in which the family court found that Father's lumber business, Honolulu Hardwoods, Inc. (HH), pays Father's condominium mortgage.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Father's points of error as follows:

I.    **The family court did not err in concluding that Father failed to meet his burden of proof of a material change in circumstances to justify a reduction in his child support obligation.**

Upon granting a divorce, the family court is authorized to order the divorcing parties "to provide for the support, maintenance, and education of the children of the parties." Hawaii Revised Statutes (HRS) § 580-47(a) (2006 Repl.).[2]  The

_____

[2]  HRS § 580-47 (2006 Repl.) provides, in relevant part:

§580-47 **Support orders; division of property.** (a) Upon granting a divorce . . . the court may make any further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties[.]

family court has continuing authority to modify its orders "upon a showing of a change in the circumstances of either party . . . since the entry of any prior order relating to the support, maintenance, and education." HRS § 580-47(c); Davis v. Davis, 3 Haw. App. 501, 505, 653 P.2d 1167, 1170 (1982). The party requesting the modification must prove the alleged change in circumstances. HRS § 580-47(c) and (d); Demello v. Demello, 87 Hawai'i 209, 213, 953 P.2d 968, 972 (App. 1998).

Father is the sole owner and chief executive officer of HH, a subchapter S corporation that sells wholesale and retail lumber, hardwood flooring, and moldings. Under the Divorce Decree, Father was obligated to a monthly child support payment of $1,620 and one-half of the children's educational expenses. In Father's July 24, 2009 Post-Decree Motion, he sought a reduction in his child support and educational expense obligations, asserting that HH had "experienced a substantial decrease in revenue due to the downturn in the economy," resulting in his "earning little or no income" and "subsisting on savings and borrowed funds," thus meeting his burden of showing a material change in circumstances. He argues, therefore, that the family court erred when it entered the following Conclusions of Law (COLs):

> 14. Based on the totality of the reliable and credible evidence presented, Father failed to meet his burden of a material change in circumstances to justify a reduction in his monthly child support obligation.

> 15. Based on the totality of the reliable and credible evidence presented, the family court properly denied Father's motion to reduce his monthly child support obligation.

When presented with a motion to modify court-ordered child support, the family court considers the following questions:

> 1. Has there been a substantial and material change in the relevant circumstances so as to permit consideration of the modification request?

2.      Should there be a modification?

3.      What should the modification be?

See Davis, 3 Haw. App. at 506, 653 P.2d at 1170.  If there has not been a substantial and material change in circumstances, the court need not address questions 2 and 3.  We review the family court's conclusion that Father failed to show there had been a material change in circumstances under the right/wrong standard.  Davis, 3 Haw. App. at 506, 653 P.2d at 1171.  "A material change in the relevant circumstances has occurred when a party's relevant circumstances that are proven to exist at the time of the modification hearing are materially different from the party's relevant circumstances that were proven to exist when the family court entered its [] support order."  Vorfeld v. Vorfeld, 8 Haw. App. 391, 402, 804 P.2d 891, 897 (1991) (as applied in Doe VII v. Roe VII, 8 Haw. App. 437, 443, 809 P.2d 449, 452 (1991) to child support orders).

At the December 11, 2009 hearing, Father testified that HH had total assets of $1.161 million, with a loan balance of $987,088.50.  He testified he did no advertising except through his contacts at the Oahu Country Club; thus, his country club expenses were not a luxury, but a necessary business expense.  Father testified that Exhibit S, a list of names introduced into evidence, represented club members with whom he had done business since 2002.  On cross-examination, he admitted that aside from the list of names, he provided no evidence via receipts or invoices that he had actually done business with anyone on the list.  On Father's December 3, 2009 Income and Expense statement, entered into evidence as Exhibit X, he listed expenses of $1,000 for food and $500 for recreation.  He testified that his only recreation was at the Oahu Country Club and that he ate most of his meals there.  Mother provided subpoenaed records of Father's account at the club, showing an average monthly expenditure of just over $1,500.

Father acknowledged that he drew on his business line of credit to cover his personal expenses. Father does not challenge the family court's finding that he claimed an income of $230 in 2007 and $755 in 2008 on his personal income tax forms. Father also does not contest the court's finding that HH sold him his condominium in 2007 for $253,500, even though Father's personal income that year was only $230. Father did not challenge FOF 52, in which the family court found that "Father's current lifestyle shows he can afford more than he earns on paper through his personal or his corporation's tax returns."

The family court also correctly noted that tax returns may not accurately reflect a party's financial situation, particularly a self-employed party. "It is the disposable income of the parent and not their income tax returns alone, which must be considered by the Court." Doe v. Child Support Enforcement Agency of Hawaii, 87 Hawai'i 178, 182, 953 P.2d 209, 213 (App. 1998) (citation and internal quotation marks omitted).

Generally, child support is calculated based on each parent's gross monthly income. See 2010 Hawai'i Child Support Guidelines at 1 (last accessed May 14, 2013 at http://www.courts.state.hi.us/self-help/courts/forms/oahu/child_support.html). "For the self-employed parent, however, the amount of his or her gross monthly income is usually more difficult to determine." Doe v. CSEA, 87 Hawai'i at 182, 953 P.2d at 213. The 2010 Child Support Guidelines state that "[s]elf-employed individuals must report gross incomes minus ordinary, necessary and reasonable business/operating expenses[.]" 2010 Child Support Guidelines at 17; see also Doe v. CSEA, 87 Hawai'i at 182, 953 P.2d at 213. Gross income includes "[f]ringe benefits, such as use of company car, free housing and reimbursed expenses which reduce personal living expenses[.]" 2010 Child Support Guidelines at 22-23. This court has noted that "in the case of a self-employed parent, there

should be careful scrutiny by the agency/courts as to the reasonableness and appropriateness of business decisions that lessen the amount of the income available for child support." Doe v. CSEA, 87 Hawaiʻi at 182, 953 P.2d at 213.

Because the family court found there was insufficient evidence to show that Father's country club membership was a necessary business expense, the court determined that his membership at the club was a luxury which took funds away from support for his children, findings which Father did not challenge (see FOFs 37-46). Findings that are not challenged on appeal are binding on this court. In re Guardianship of Doe, 119 Hawaiʻi 234, 235 n.4, 195 P.3d 701, 702 n.4 (App. 2008).

The family court found that in spite of the decrease in HH's gross sales, Father bought the condo he lives in and he spends $1,500 monthly for his country club membership, food and other club amenities.

The family court did not err in concluding that Father failed to present reliable and credible evidence that he had experienced a substantial and material change in the relevant circumstances so as to permit consideration of the modification request; therefore, the court properly denied Father's Post-Decree Motion to reduce his monthly child support obligations.

II. **The family court did not err in concluding that Father failed to meet his burden of proof of a material change in circumstances to justify a reduction in his educational expense support.**

Pursuant to the Divorce Decree, Mother and Father agreed to share the children's educational expenses equally. Father provides no argument for a reduction in his obligation for the educational expenses other than to allege that HH's revenues are down. He also fails to argue how the family court erred in

FOFs 11, 13, and 15,[3] an assertion he made in his "Statement of Points of Error," and thus Father's challenge to FOFs 11, 13, and 15 are waived. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

Because Father's argument is the same as the one he made regarding his monthly child support obligation, our analysis is the same. Therefore, the family court correctly concluded that Father failed to meet his burden of proof that a material change in circumstances justified a reduction in his educational expense support. As a matter of fact, because the children were no longer in private schools, Father had already experienced a substantial decrease in his financial obligation to the children's education.

## III. The family court did not err in concluding that Father's lifestyle remained the same or better than when his child support obligations were established.

Father contends that the family court erred in COL 10, which states: "Father's lifestyle remains the same or better than when Father's child support was established in the Decree in 2006, and thus belies the income he lists on his personal income tax returns." Father argues that he had a negative income in 2007 and 2008, as shown in his tax returns. He also argues that he now meets his personal expenses by borrowing from HH, which was not the case at the time of divorce. Furthermore, he claims that at the time of divorce, Mother and he had been members or

---

[3] FOFs 11, 13, and 15 read as follows:

11. When the Decree was filed, [Child 2] was also receiving tutoring at a cost of approximately $600.00 per month.

13. Later in 2009, [Child 2] switched tutors, decreasing her monthly tutoring expense to $400.00.

15. At the time of trial, [Child 1] had graduated from Saint Francis High School and was attending a public community college, Kapiolani Community College (KCC). [Child 1's] tuition at KCC is approximately $1,485.55 per semester, or approximately $2,971.10 per year.

member spouses of five clubs, but now he is only a member of the Oahu Country Club, apparent evidence of a change in lifestyle. Father provided no evidence of previous club memberships or when either he or Mother resigned from membership in any of the clubs. The records from his account at the Oahu Country Club showed that he averaged over $1500/month in dues and expenses. Father provided nothing more than a list of names to support his testimony that the club membership was maintained primarily for business purposes.

Father continued to live in his condo and according to the records, HH bought the condo in 2005 and sold it to Father in 2007 for $253,500, although Father's 2007 individual income tax return shows his only income was $230. Moreover, because the children's educational expenses had significantly decreased since the Divorce Decree was filed, Father no longer paid as much in such expenses.

As this court discussed in Doe v. CSEA, "it is necessary to examine the total financial situation of a self-employed parent, rather than to merely rely on tax returns for a determination of income." 87 Haw. at 182, 953 P.2d at 213. Furthermore, the court should scrutinize "the reasonableness and appropriateness of business decisions that lessen the amount of the income available for child support." Id.

Examining Father's total financial situation, the family court did not err in concluding that his lifestyle was the same or better than when his child support obligation was established.

**IV. The family court did not err in entering FOFs 18, 49, 50, and 51.**

Father contends the following FOFs are in error:

18. During the divorce proceedings, it was difficult to determine the amount of Father's income, in large part because Father's corporation paid all of his personal expenses. In order to determine Father's monthly child support obligation, the parties stipulated that Father's

income was equivalent to Mother's income. The Decree established Father's monthly child support obligation in the amount of $1,620.00 for both children.

\* \* \* \*

49. Father's accounting methods and the use of his solely held corporation to fund his personal expenses make it difficult to determine his actual monthly income, like it did during the parties divorce proceedings.

50. Although HH's gross sales decreased since the filing of the Decree due to a downturn in the construction industry, it remains difficult to determine Father's precise income. The corporation continues to pay Father's living expenses.

51. Although HH's gross sales have decreased since the filing of the Decree due to a downturn in the construction industry, Father's lifestyle has not diminished. He has been able to purchase a condominium for his personal residence. Father also has maintained his membership at an exclusive country club, where he plays golf and enjoys the amenities beyond those covered by the basic membership fee.

Father argues that he showed he had no taxable income and therefore, the family court should have used Father's monthly expenditures of $5,000 as the basis for determining his income for calculating his child support obligation.

We conclude there is sufficient evidence in the record to support FOFs 18, 49, 50, and 51. Further, as to Father's argument that his expenditures should have been used to determine his income, we have previously noted that it is the disposable income of the parent that must be considered by the court. Doe v. CSEA, 87 Haw. at 182, 953 P.2d at 213. Father cites to no authority to support his proposition that his monthly expenditures can be used as the basis for calculating his child support obligation.

V.   **Any error in FOF 20 is harmless.**

Father contends that the family court erred in FOF 20, which stated:

20. Father's current income and financial situation remain unclear. Although Father pays himself no income, the corporation continues to pay his living expenses, including purchasing a condominium at 1188 Bishop Street (Bishop Street Condominium) for him as his personal residence. HH also pays Father's monthly bills, including the mortgage on the condominium.

9

Father only challenges the statement that HH paid the condominium mortgage. Father is correct in stating that there is no evidence in the record of a mortgage on the condominium. But if there is no mortgage, it logically means Father has less financial obligations and thus more funds available to meet his child support obligations. Therefore, even if the court erred regarding the existence of a mortgage, the error is harmless.

## VI. Conclusion

The "Order Re Short Trial" entered on February 9, 2010, in the Family Court of the First Circuit is hereby affirmed.

DATED: Honolulu, Hawai'i, May 30, 2013.

On the briefs:

Blake T. Okimoto
for Defendant-Appellant

Brenda E. Morris
Plaintiff-Appellee Pro Se

Presiding Judge

Associate Judge

Associate Judge